UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARRETT BROWNBRIDGE,
*individually and on behalf of all others
similarly situated*,

                                    Plaintiffs,

                    – *against* –

TFI INTERNATIONAL INC., ALAIN
BÉDARD, *and* DAVID SAPERSTEIN,

                                    Defendants.

**<u>OPINION & ORDER</u>**

25-cv-2159 (ER)

<u>Ramos</u>, D.J.:

        Barrett Brownbridge brought this class action against TFI International Inc.

("TFI"), Alain Bédard, and David Saperstein (collectively "Defendants").  Doc 5.

Brownbridge asserts claims under Section 10(b) of the Securities Exchange Act of 1934

(the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of

1995 ("PSLRA") and Rule 10b-5 promulgated thereunder, and under Section 20(a) of the

Exchange Act, on behalf of putative class members who purchased TFI securities

between April 26, 2024 and February 19, 2025, inclusive (the "Class Period").  *See id.*

Before the Court is Patricia Douglass' motion for appointment as lead plaintiff and for

approval of lead counsel.  Doc. 8.  For the reasons stated below, the motion is

GRANTED.

## I.    BACKGROUND

### A.  Factual Background

        TFI is a transportation and logistics company that operates in the United States

and Canada.  Doc. 5 ¶ 2.  Bédard and Saperstein were TFI's Chief Executive Officer and

Chief Financial Officer, respectively, at all relevant times.  *Id.* ¶¶ 13–14.

TFI has four business segments:  Package & Courier, Less-than-Truckload ("LTL"), Truckload, and Logistics.  *Id.* ¶ 2.  LTL accounts for approximately 43% of TFI's revenue.  *Id.*

On February 19, 2025, after the market closed, TFI announced its fourth quarter and full year financial results from 2024 in a press release, revealing quarterly net income of $88.1 million (a nearly 33% decrease year-over-year) and fiscal 2024 net income of $422.5 million (approximately 16% decrease year-over-year).  *Id.* ¶ 3.  After this announcement, TFI's stock price fell $26.13, or 20.5%, to close at $101.48 per share on February 20, 2025, on "unusually heavy trading volume."  *Id.* ¶ 4.

Throughout the Class Period, Defendants allegedly made materially false or misleading statements and failed to disclose material adverse facts about TFI's business, operations, and prospects.  *Id.* ¶ 5.  Specifically, Defendants allegedly failed to disclose to investors that:  (1) TFI was losing small and medium business customers; (2) TFI's TForce Freight revenue was declining;[1] (3) TFI was experiencing difficulties managing its costs; (4) the profitability of its largest business segment was declining;[2] and (5) Defendants' positive statements about TFI's business, operations, and prospects were materially misleading and lacked a reasonable basis.  *Id.*  As a result of Defendants' allegedly wrongful acts and omissions, and the decline in the market value of TFI's securities during the Class Period, members of the class have suffered significant losses and damages.  *Id.* ¶ 6.

### B.  Procedural History

Brownbridge filed this action on March 14, 2025, asserting claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and under Section 20(a) of the Exchange Act, on behalf of putative class members who purchased TFI

---

[1] TFI acquired UPS Freight, the less-than-truckload and dedicated truckload divisions of United Parcel Service, Inc. in April 2021.  Doc. 5 ¶ 17.  Following the acquisition, UPS Freight was rebranded as TForce Freight and currently operates within TFI's LTL segment.  *Id.*

[2] The complaint does not specify what the largest business segment is.  *See* Doc. 5.

securities during the Class Period.  Docs. 1, 5.  On May 13, 2025, Douglass moved for appointment as lead plaintiff and for approval of Glancy Prongay & Murray LLP as lead counsel for the class.  On May 27, 2025, Defendants filed an opposition to the motion. Doc. 15.  No competing motions were filed.

## II.    LEGAL STANDARDS

### A.  Motion to Appoint Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. §§ 78u-4(a)(1)– (3)(B)(i).  First, a plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of (1) the pendency of the action, (2) the claims asserted therein, (3) the purported class period, and (4) the right to move the court to be appointed as lead plaintiff within 60 days of the publication of the notice.  *See id.* § 78u-4(a)(3)(A)(i).  Within 60 days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id.* §§ 78u-4(a)(3)(A)–(B).

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) either filed the complaint or moved to be appointed as lead plaintiff, (2) has the largest financial interest in the action, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.  *See id.* §§ 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).  Of these, the second prong, financial interest, is generally considered the "pivotal factor under the PLSRA."  *Reimer v. Ambac Financial Group, Inc.*, Nos. 08-cv-411 (NRB), 08-cv-1273 (NRB), 08-cv-1825 (NRB), 08-cv-1918 (NRB), 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008).  At this stage, satisfaction of the third prong requires only that the movant "make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23."  *Clark v. Barrick Gold Corp.*, Nos. 13 -cv-3851 (RPP), 13-cv- 4123 (RPP), 13-cv- 5437 (RPP), 2013 WL 5300698, at *2

(S.D.N.Y. Sept. 20, 2013) (quoting *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173

(S.D.N.Y. 2010)).

Once a prospective lead plaintiff has discharged this initial burden, a competing

movant may rebut it only by evidence that the prospective lead plaintiff either will not

fairly and adequately protect the interests of the class or is subject to unique defenses not

applicable to other class members.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

## B.  Motion to Appoint Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the

approval of the court, select and retain counsel to represent the class."  *Id.* § 78u-

4(a)(3)(B)(v).  Courts defer to a plaintiff's selection of counsel "and will only reject the

plaintiff's choice … if necessary to protect the interests of the class."  *Xiangdong Chen v.

X Financial*, No. 19-cv-6908 (KAM) (SJB), 2020 WL 2478643, at *5 (E.D.N.Y. May 13,

2020) (quoting *Bray v. Frontier Communications Corp.*, No. 17-cv-1617 (VAB), 2018

WL 525485, at *11 (D. Conn. Jan. 18, 2018)).

## III.    DISCUSSION

### A.  Motion to Appoint Lead Plaintiff

#### 1.  Timeliness

"The PSLRA requires a plaintiff who files a complaint to publish, in a widely

circulated business-oriented publication or wire service, a notice advising members of the

purported class of 'the pendency of the action, the claims asserted therein, and the

purported class period' and permits that, 'not later than 60 days after the date on which

the notice is published, any member of the purported class may move the court to serve

as lead plaintiff[.]'"  *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25–26 (E.D.N.Y. 2019)

(citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).

Glancy Prongay & Murray LLP published on March 14, 2025 a press release in

Business Wire announcing that a securities class action had been filed against

Defendants. *See* Doc. 10-1.[3] The press release also advised those who wished to serve as lead plaintiff in the purported class action to file the appropriate motion no later than 60 days from the date of the notice. *See id.* Publishing in Business Wire has been deemed sufficient by numerous courts in the district as meeting the PSLRA's statutory requirement that notice be published. *See Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 206 (E.D.N.Y. 2019) ("Business Wire is a suitable vehicle for meeting the [PSLRA's] statutory requirement that notice be published."); *Lavin v. Virgin Galactic Holdings, Inc.*, No. 21-cv-3070 (ARR) (TAM), 2021 WL 5409798, at *3 (E.D.N.Y. Sept. 17, 2021). As there is no objection to the March 14, 2025 notice, and because the pending motion complied with the PSLRA's 60-day deadline to move to serve as lead plaintiff of the purported class, Douglass' motion was timely.

2. *Financial Interest*

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Douglass argues that at the time of the filing of her motion, she "believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the 'most adequate plaintiff.'" Doc. 9 at 6. Douglass "purchased TFI shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions" and allegedly suffered financial losses of $997.50. *Id.*; *see* Doc. 10-3 at 2. Here, the Court has reviewed the supporting documentation submitted by Douglass and, finding no basis to conclude otherwise, finds that Douglass has shown the largest financial interest in this action. *See* Docs. 10-2, 10-3.

---

[3] Glancy Prongay & Murray LLP also represents named plaintiff Brownbridge. *See* Doc. 5.

3. *Rule 23*

Rule 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *See Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015).  In a PSLRA motion to appoint lead plaintiff, however, "the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements—typicality and adequacy—are satisfied." *Murphy v. Argo Blockchain PLC*, 683 F. Supp. 3d 211, 221–22 (E.D.N.Y. 2023) (citations omitted); *see also Damri v. LivePerson, Inc.*, No. 23-cv-10517 (PAE), 2024 WL 1242510, at *2 (S.D.N.Y. Mar. 22, 2024) at *3 (explaining that "only the last two factors—typicality and adequacy—are pertinent") (citation omitted); *Martingano v. American International Grp.*, Inc., Nos. 06-cv-1625 (JG) (JMA), 06-cv-2014 (JG) (JMA), 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) ("[A]t this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied.") (internal quotation marks and citation omitted).  "A movant must make only a preliminary showing that the adequacy and typicality requirements have been met." *Schaeffer v. Depaolo*, Nos. 23-cv-1921 (FB) (JRC), 23-cv -2501 (FB) (JRC), 2023 WL 5153481, at *4 (E.D.N.Y. Aug. 10, 2023) (internal quotation marks and citation omitted); *In re Olsten Corp. Securities Litigation*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998), *opinion adhered to on reconsideration sub nom.*, *In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998) ("A wide ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification.") (citation omitted).

"Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Murphy*, 683 F. Supp. 3d at 222 (citation omitted).  A movant's claim "need not be identical to the claims of the class to satisfy the typicality requirement." *City of Ann Arbor Employees' Retirement Systems v. Citigroup Mortgage Loan Trust Inc.*, No. 08-cv-

1418, 2009 WL 10709107, at *3 (E.D.N.Y. Mar. 9, 2009) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2009 WL 10750336 (E.D.N.Y. Mar. 16, 2009).  Rather, courts appoint lead plaintiffs when their "claims are based on the same alleged false or misleading statements and omissions attributed to [d]efendants during the same period as the other potential class members' claims." *Lemm v. New York Community Bancorp, Inc.*, 733 F. Supp. 3d 107, 115 (E.D.N.Y. 2024) (citation omitted), *reconsideration denied*, No. 24-cv-903 (NRM) (JRC), 2025 WL 964091, at *4 (E.D.N.Y. Mar. 31, 2025).  Here, Douglass' claims are typical of the claims asserted by the class because all class members were similarly harmed by Defendants' alleged material misstatements and omissions.  *See* Doc. 9 at 7.

For a lead plaintiff to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants, and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation.  Additionally, the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Kehoe v. 3D Systems Corp.*, Nos. 21-cv-1920 (NGG) (TAM), 21-cv-2383 (NGG) (TAM), 2021 WL 5408923, *5 (E.D.N.Y. July 13, 2021).

Here, there is nothing about the Douglass' interests that appear antagonistic to the interests of the other putative class members.  Further, the Court is satisfied that Douglass' retained counsel, Glancy Prongay & Murray LLP, is experienced, competent, and well-qualified to prosecute this action.  *See* Doc. 10-4.  Finally, Douglass attests that she is willing to serve as a representative party on behalf of the class and will testify at deposition and trial, if needed.  *See* Doc. 10-2 at 2.

### 4.  Rebutting the Statutory Presumption

The presumption that Douglass should be appointed lead plaintiff "may be rebutted only upon proof" that she "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [her] incapable of adequately

representing the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II). "Conclusory assertions and mere speculation will not suffice." *Lemm*, 2024 WL 2022213, at *5 (citation omitted).

Defendants object to Douglass' appointment as lead plaintiff, arguing that Douglass "alleges *de minimis* losses and offers no indication that she can or will manage counsel and control the litigation." Doc. 15 at 2.[4] Defendants explain that "courts have denied lead plaintiff motions where the movant alleged less than $1,000 in losses." *Id.* (citing *McCormack v. Dingdong (Cayman) Ltd.*, No. 22-cv-7273 (VSB), 2022 WL 17336586, at *5–*6 (S.D.N.Y. Nov. 30, 2022) (denying motion where movant alleged "only $504.40 in losses"), *Bosch v. Credit Suisse Group AG*, No. 22-cv-2477 (ENV), 2022 WL 4285377, at *4–*5 (E.D.N.Y. Sept. 12, 2022) (denying motion where movant alleged only $621 in losses), and *Guo v. Tyson Foods*, No. 21-cv -00552 (AMD) (JRC), 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022) (denying motion where movants alleged only approximately $325 in losses)). Defendants also argue that Douglass is not an adequate lead plaintiff because she provides "no evidence that she has managed attorneys, negotiated with counsel, or even meaningfully communicated with counsel." *Id.* at 3.

The Court rejects Defendants' arguments. Douglass' loss of $997.50 is larger than the losses of movants in the three cases cited by Defendants. *See Dingdong*, 2022 WL 17336586, at *5–*6, *Bosch*, 2022 WL 4285377, at *4–*5, *Tyson Foods*, 2022 WL

---

[4] The parties dispute whether Defendants have standing to oppose a motion to appoint lead plaintiff. *See* Doc. 15 at 4 n.3; Doc. 17 at 3–4. Defendants argue that "courts routinely consider submissions from defendants at the lead plaintiff selection stage—particularly where, as here, there is no competing movant." Doc. 15 at 4 n. 3 (citing *Bosch*, 2022 WL 4285377, at *6 and *City of Ann Arbor*, 2009 WL 10709107, at *3). Douglass counters that "[t]he explicit text of the PSLRA provides that only putative class members can offer evidence to rebut the presumption that Douglass is the most adequate plaintiff." Doc. 17 at 3 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). Douglass further argues that "[w]hile the Second Circuit has not addressed this issue, the Third Circuit has recognized the text of the PSLRA mandates that 'only class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members.'" *Id.* (citing *In re Cendant Corp. Litigation*, 264 F.3d 201, 268 (3d Cir. 2001)). Here, assuming that Defendants do have statutory standing, the Court still determines that Douglass is an adequate lead plaintiff when taking into consideration Defendants' arguments.

5041798, at *6.  In addition, *Dingdong* and *Tyson Foods* are distinguishable.  In *Dingdong*, the movant was disqualified because he "sold his shares months before the one corrective disclosure alleged in the complaint" such that "risk that [his] losses will not be recoverable."  2022 WL 17336586, at *6.  And in *Tyson Foods*, the court rejected two movants with combined loss of approximately $325.  2022 WL 5041798, at *6.  Douglass is also an adequate lead plaintiff because she is a sophisticated individual that is "a cardiac triage coordinator and registered nurse with four years of investing experience."  Doc. 17 at 3.

The Court finds that the PSLRA's statutory presumption has not been rebutted.  Here, other members of the class have not raised any opposition to Douglass' motion.  In addition, nothing in the record rebuts the presumption that Douglass would fairly and adequately protect the interests of the class.  Further, there is no indication that there are any unique defenses that Defendants could raise that would render Douglass inadequate to represent the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

* * *

Accordingly, the Court finds that Douglass has satisfied all the requirements and shall be designated as lead plaintiff for this action.

### B.  Motion to Appoint Lead Counsel[5]

The Court finds that Glancy Prongay & Murray LLP, Douglass' chosen counsel, has substantial experience in securities class action litigation and has served as lead counsel in many cases alleging violations of the securities laws.  *See* Doc. 10-4; *Gloster v. Standard Lithium Ltd.*, No. 22-cv-507 (EK) (VMS), 2022 WL 22910716, at *4 (E.D.N.Y. Apr. 27, 2022) (granting motion to appoint Glancy Prongay & Murray LLP as lead counsel in a securities class action).  Accordingly, the Court appoints Glancy Prongay & Murray LLP as lead counsel.

---

[5] Defendants do not oppose Douglass' motion to approve Glancy Prongay & Murray LLP as lead counsel. *See* Doc. 15.

## IV.    CONCLUSION

For the reasons set forth above, the motion for appointment of lead plaintiff and for approval of lead counsel is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 8.

It is SO ORDERED.

Dated:    August 28, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.